## Ella Peirce et al., Appellants, v. First National Bank et al., Appellees.

1. CHANCERY—*when bill sets forth facts entitling complainant to relief.* A bill sets forth facts entitling complainant to relief, and demurrers thereto should be overruled where it avers that defendant as agent for complainant's husband, deceased, sold real estate and failed to account for the proceeds; that since the sales complainant's husband died leaving complainant · and certain children joined as complainants the only heirs at law surviving; that defendant by fraudulent representations induced complainant and her husband to give a mortgage on her individual property when she was not indebted to him; that he conveyed the mortgage to a bank controlled by him and caused foreclosure proceedings to be instituted and represented that he would protect her interest until the redemption period expired; that he permitted the property to be sold for taxes and bought it in his own name when it was his duty as agent to pay the taxes; that said bank bid in the property at the master's sale in the foreclosure proceeding and assigned the certificate of purchase to a third person; that through the · connivance of defendant, complainant and her husband conveyed the equity in the premises to a third person for a stated consideration when none was paid; that certain persons claim some interest the nature and kind of which claims are unknown; and prays for general relief, that the foreclosure proceeding be opened up, the decree vacated, and an accounting had.

2. APPEALS AND ERRORS—*when bill admitted to be true.* An appeal from a decree dismissing a bill for want of equity after demurrers are sustained thereto, the bill must be admitted to be true.

Appeal from the Circuit Court of Vermilion county; the HON. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded with directions. Opinion filed April 18, 1913.

J. C. McCLURE, for appellants.

C. M. BRIGGS and JAY BRIGGS, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery, filed in the circuit court of Vermilion county by the appellants against the appellees, seeking certain relief thereby. The appellees, defendants below, were all duly served with process, and filed demurrers to the said bill. The demurrer was sustained by the chancellor, and appellants having elected to stand by the bill, the same was dismissed for want of equity, at the cost of appellants, and, thereupon, the appellants prayed for and have perfected their appeal to this court.

The complainants in the bill are the widow and children and heirs at law of one W. P. Peirce, deceased.

The bill alleges, in substance, that W. P. Peirce, deceased, was, in the year 1882, the owner of eighty-nine acres of land adjoining the city of Hoopeston, and that a portion of the same was laid out and platted into lots and blocks by him, and became an addition to that city; that seven of these lots so platted became the separate property of the complainant Ella Peirce, that by an agreement the residue were turned over to one J. S. McFerren, as agent of Mr. Peirce to plat into lots and blocks and sell, and that shortly after this agreement was entered into, Mr. McFerren induced Mr. Peirce and the complainant Ella Peirce, his wife, to convey by deed to McFerren, the remaining portion of said tract of land belonging to Mr. Peirce, for convenience in selling, and to secure any money that McFerren should advance to Mr. Peirce; that sales were made by said McFerren of a large portion of said property, and money received therefor in the sum of $24,000; that on December 3, 1903, it was dis-

covered that the seven lots known as the separate property of Mrs. Peirce had, by mistake, been deeded to McFerren at the time of the first conveyance, and the said McFerren and wife deeded the same back to complainant Ella Peirce, and placed the consideration in the deed at $10,000, and on October 6, 1905, the said McFerren, by representing that it was necessary to correct an error in some former conveyance, induced Mr. and Mrs. Peirce to convey the same property back to him, for a stated consideration of $8,000, when in truth and in fact no consideration was paid, and it was not known that the separate property of Mrs. Peirce was included therein.

The bill further alleged that again, on March 28, 1906, McFerren came to the Peirce home and represented to them that it was necessary to correct a mistake, and had them sign another deed, conveying to him the same property, with a named consideration of $4,000; and again, on January 18, 1908, a similar request was made and Mr. and Mrs. Peirce signed another deed, conveying the same property to McFerren, in which deed the consideration was stated to be for one dollar and other good and valuable considerations; that on the same day McFerren conveyed the same property to said W. P. Peirce for the consideration of one dollar, and on that same day, by the same false representations, he induced Mr. and Mrs. Peirce to execute a mortgage on the individual property of Mrs. Peirce, for the sum of $9,649.02, due eighteen months after date, and that Mrs. Peirce was not indebted to said McFerren and did not know the instrument was a mortgage; that on January 25, 1908, said McFerren assigned the note and mortgage to the First National Bank of Hoopeston, in which bank it is alleged said McFerren held a controlling interest, and a foreclosure proceeding was immediately begun, and when complainant, Ella Peirce, learned of the commencement

Peirce v. First National Bank, 181 Ill. App. 100.

of the foreclosure suit she went to see Mr. McFerren and he assured her he would protect her interest, and continued to promise protection to her until the time of redemption had expired; that pending the time of redemption the said McFerren bought the property in for taxes and was building up title in his own name under the tax deed, when, under the contract of his agency, he was to pay the said taxes.

The bill further alleges that Mrs. Peirce at no time intended to deed or incumber her property, and did not know that the instruments she signed were a deed and a mortgage upon her own property, and that her name was procured to said instruments by fraud and deception on the part of said McFerren, with a view to fraudently secure her property; that all of the deeds signed by her conveying or incumbering her husband's property, were at the solicitation of McFerren, to correct what he represented were mistakes, or to secure money advanced to her husband, and such as were given to secure money were understood to have the effect of mortgages; that at the master's sale in the foreclosure proceeding, the First National Bank bid in the premises, received a certificate of purchase and assigned the same to J. D. Madding, who took deed to the property.

It is further alleged in the bill, that through the connivance of said McFerren, complainant Ella Peirce and her said husband were induced to convey their equity in said premises to Frank C. Patton, for the stated consideration of $25,000, when in truth and in fact Mr. Patton did not pay them anything, but fraudulently secured the said title by false and fraudulent means; that the First National Bank, The Danville Building Association, M. O. Lee, The Danville Benefit and Building Association, J. D. Madding, Frank C. Patton, J. S. McFerren and Charles Palmer, trustee, have or claim to have some interest in the said premises

named in said conveyances, the exact nature and extent of which is unknown to complainants, and that all of said parties had full knowledge, before they acquired such interests as they now claim, of complainants rights in the premises.

The bill further sets up that said McFerren, at the time of the taking and transferring of the said mortgage to the First National Bank, had a large amount of money in his hands belonging to said W. P. Peirce, deceased, arising from the sale of the lands aforesaid under the contract aforesaid; and further avers that said McFerren owns the controlling interest in the said First National Bank, and that the officers of the bank and McFerren well knew that the complainant Ella Peirce was the owner of the seven lots which were described in the mortgage so fraudulently obtained from said complainant, and well knew that she was induced to sign the said mortgage through fraudulent representations and deception on the part of said McFerren.

It is further alleged in the bill, that the complainant offered the said First National Bank, said McFerren and J. D. Madding the redemption money, but that same was refused; that she demanded an accounting from the said McFerren of the moneys received from the sale of said lots.

The prayer of the bill is that the defendants, appellees here, be required to account for all moneys arising under the sale of the premises in question, and all rents and profits received by them, either as mortgages or otherwise; that the deed to the said Frank C. Patton be held to be null and void; that the foreclosure proceeding and the decree and sale thereunder, be held null, and set aside, and the complainants here be permitted to answer the same, and that upon a hearing complainants stand ready to pay any amounts adjudged against them.

The only question submitted for our determination is, whether the bill contains sufficient averments to require answers, when all of the averments thereof are taken to be true.

The bill avers that the appellee McFerren, as agent of her husband, now deceased, sold a large amount of real estate and failed and refused to account for the proceeds, and that since the sales of said real estate her said husband has died, leaving the appellants, the widow and children and only heirs at law, him surviving; that said McFerren fraudulently and by false representations induced the appellant, Ella Peirce, and her husband, in his lifetime, to give a mortgage upon the individual property of the wife, when she was not in any manner indebted to him; that said McFerren immediately conveyed the said mortgage to the First National Bank of Hoopeston, an institution controlled by him and a majority of the stock held by him; that, occupying the confidential relation of agent, and while holding the controlling interest in said Bank, said McFerren caused foreclosure proceedings to be instituted against said individual property of appellant, Ella Peirce, and at the same time represented to her that he would protect her interest and that her property should not suffer, and that he continued to make such false representations until the time of redemption from the foreclosure sale had expired.

The bill further sets forth that during this time, and in order to further incumber this property, said McFerren permitted the said property to be sold for taxes and purchased the same in at the tax sale in his own name, while it was his duty under his agreement as agent, to pay the taxes of said property; that the said First National Bank, acting under the control and direction of said McFerren, bid in the said property at the master's sale in the foreclosure proceeding, assigned the certificate of purchase to one J. D. Madding,

who secured a master's deed to the property; that through the connivance of the said McFerren, appellant, Ella Peirce, and her said husband, now deceased, were induced to convey the equity in said premises to Frank C. Patton, for a stated consideration of $25,000, when in truth no consideration was ever paid for said deed.

The bill further avers, that J. D. Madding, Charles Palmer, trustee, The Danville Building Association, M. O. Lee, and the Danville Benefit and Building Association all claim some interest in said premises, the nature and kind of which claims are unknown to appellants.

The prayer of the bill is to have the foreclosure proceeding opened up and the decree vacated, and to have an account had and taken with said McFerren and said First National Bank, and for general relief.

While the bill as presented is not a model in form, it does charge that appellants lost their property by reason of false and fraudulent representations made by said McFerren in his individual capacity and as the holder of the controlling interest in said bank. It does charge that by reason of his false pretenses and false representations, appellant Ella Peirce was prevented from making a defense at the time the foreclosure proceeding was pending, and that by reason of his misrepresentations she was prevented from redeeming from the said foreclosure sale; and that she was fraudulently induced to convey the equity of redemption in the premises to the appellee Frank C. Patton.

She further avers that by false and fraudulent statements of said McFerren she was induced, in the first instance, to incumber her individual property without knowing she was conveying same, and when she was not indebted in any manner to said McFerren or to his bank.

If this bill be true, and for the purposes of this pro-

ceeding it must be admitted to be true, there is every reason in equity and good conscience why the whole transaction should be inquired into. It may be true, and quite likely is true, that the two Building Associations and Mr. Lee, Mr. Madding and Mr. Palmer, trustee, may not be guilty of being mixed into the fraud charged, but in order to deal with this property, we can see no just reason why all claimants may not properly be brought into court and their interests determined.

We think the demurrers should have been overruled, and the appellees required to answer.

The decree dismissing the bill for want of equity will be reversed, and the cause remanded to the trial court with directions to overrule the demurrers and require the appellees to answer.

*Reversed and remanded with directions.*